# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TRUNG HUY HUU NGUYEN,                )
                                     )
        Petitioner,               )
                                     )
v.                                   )      Case No. CIV-25-01415-JD
                                     )
TODD BLANCHE, et al.,                )
                                     )
        Respondents.              )

## ORDER

It appears from publicly available information that Petitioner has not been removed and is still in U.S. Immigration and Customs Enforcement ("ICE") custody and is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.[1] Respondents last represented to the Court that "[a]s of February 9, 2026, . . . [Petitioner's] removal flight [was] anticipated to occur within 45 days." [Doc. No. 25-1 at 2]. No updates were then provided to the Court.[2]

Without expressing any views on the merits of the pending habeas petition, the Court ORDERS counsel for the parties to confer no later than **7 days** from the date of this Order to determine if they can reach a resolution of this matter, particularly since it appears that Respondents' representation to the Court did not come to pass and Petitioner

---

[1] *See* ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed Aug. 10, 2026).

[2] Petitioner filed a Motion today correctly noting that nothing has been submitted to the Court since February 9, 2026, though it appears there are developments unreported to the Court as Petitioner remains detained. [Doc. No. 26]. The Court grants Petitioner's Motion for court action to the extent stated herein.

remains detained. The parties shall file a Joint Status Report advising the Court whether they have reached a resolution of this action within **7 days** from the date of this Order. If the parties cannot reach an agreement or resolution upon conferral, the Court DIRECTS the parties to brief the issues below and file their respective briefs no later than **10 days** from the date of this Order:

1)   If a habeas petition is not ripe when filed, can it be cured with the passage of time or does it require dismissal without prejudice to refiling (i.e., can a jurisdictional defect at filing be cured and when is jurisdiction measured);

2)   Depending on the analysis and conclusion reached by the Court on Question 1, can a non-ripe habeas petition be amended in the same action or does it have to be refiled?

The Court reminds the parties that Petitioner bears the responsibility for prosecuting this action. **The parties shall promptly advise the Court of any material developments in this case**. If any information previously filed with or represented to the Court is no longer accurate or has materially changed, counsel shall promptly notify the Court by filing an appropriate status report so that the Court can resolve this matter.

IT IS SO ORDERED this 10th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2